UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MALINDA STOLZ,

Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

Defendant.

CASE NO. C17-1542-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Malinda Stolz proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[1] She obtained a GED and previously worked as an inventory clerk and general clerk. (AR 30, 69.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed a DIB application on March 6, 2014, alleging disability beginning June 26, 2012. (AR 325.) The application was denied initially and on reconsideration.

On August 27, 2015, ALJ Larry Kennedy held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 78-124.) The ALJ held a second hearing on January 25, 2016, taking testimony from plaintiff, a medical expert (ME), and a VE. (AR 37-77.)

On May 9, 2016, the ALJ issued a decision finding plaintiff not disabled. (AR 15-31.) The ALJ found a prior, July 26, 2013 denial of a DIB application administratively final, found no basis for reopening that claim, and primarily addressed evidence and opinions dated after the administratively final decision. (AR 15, 22.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on August 16, 2017 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's degenerative disc disease of the lumbar and cervical spine, affective-related disorders, anxiety-related disorders, chronic obstructive pulmonary disease (COPD), and substance abuse disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ

found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, with the following exceptions: occasionally balance, stoop, kneel, and crouch; unable to climb or crawl; and avoid concentrated exposure to extreme cold and heat, humidity, vibration, pulmonary irritants, and hazards. Plaintiff could perform simple, routine tasks and follow short, simple instructions, do work that needs little or no judgment, and perform simple duties that can be learned on the job in a short period. She requires a work environment with minimal supervisor contact (meaning contact that does not occur regularly; not preluding simple and superficial exchanges or being in close proximity to supervisor), can work in proximity to co-workers, but not in a cooperative or team effort, and requires a work environment with no more than superficial interactions with co-workers, is predictable, and with few work setting changes. She should not deal with the general public, as in a sales position or where the general public is frequently encountered as an essential element of the work process, but can have incidental, brief, and superficial public contact. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a small products assembler or production assembler.

This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff challenges the ALJ's failure to accommodate all of her COPD-related limitations in the RFC, arguing error in the assessment of her symptom testimony, a physician's opinion, and lay testimony. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### Symptom Testimony

An ALJ must provide specific, clear, and convincing reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible[2] and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). The ALJ may consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his

---

[2] While the Social Security Administration eliminated the term "credibility" from its sub-regulatory policy addressing symptom evaluation, *see* Social Security Ruling 16-3p, case law containing that term remains relevant.

daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ here found plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms not entirely consistent with the evidence. As plaintiff observes, the ALJ erred in describing plaintiff's testimony regarding COPD. Plaintiff did not acknowledge "her doctors have told her that she does not actually have COPD (hearing testimony)." (AR 23; *see, e.g.,* AR 102-03 ("All I know is I went to a doctor over in North Gate for my breathing and they said I had COPD too, and I'm just listening to what the doctors I guess are telling me. I don't know. All I know [is] that I can't breathe. . . .").) However, the ALJ found plaintiff's COPD a severe impairment, accounted for the condition in the RFC, and, as discussed below, provided specific, clear, and convincing reasons for rejecting plaintiff's symptom testimony. The error in the description of testimony at hearing was harmless. *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (the relevant inquiry "is not whether the ALJ would have made a different decision absent any error, . . . [but] whether the ALJ's decision remains legally valid, despite such error."); *Molina*, 674 F.3d at 1115 (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'")

A. <u>Inconsistency with the Medical Record</u>

An ALJ properly considers inconsistency and contradiction between a plaintiff's symptom testimony and the medical evidence of record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001), and *Carmickle*, 533 F.3d at 1161. *See also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor

in determining the severity of the claimant's pain and its disabling effects."); 20 C.F.R. § 404.1529 (same); Social Security Ruling (SSR) 16-3p ("objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms"). The ALJ here reasonably found the treatment records did not support the degree of impairment alleged.

The ALJ, for example, contrasted plaintiff's testimony of significant respiratory problems with generally unremarkable pulmonary function tests (PFT); a 2013 observation her respiratory problems were stable; the 2015 opinion of a treating provider that her respiratory symptoms sounded like insensitivities to environmental stimuli and allergens; the testimony of ME Dr. Wiseman; a June 2015 examination showing occasional ronchi bilaterally, but otherwise fair air entry and no wheezing; and a follow-up PFT showing mild obstructive ventilator impairment with air trapping and significant improvement after inhaled bronchodilator treatment. (AR 23-25 (citations to record omitted).) Dr. Wiseman testified the most recent PFT showed evidence of some respiratory obstruction, but did not support severe restrictions, and that the records supported the avoidance of significant exposure to pulmonary irritants, but were consistent with a finding plaintiff could engage in usual activities. (AR 24, 46-50.) (*See also* AR 23-26 (addressing and providing examples associated with plaintiff's other physical and mental impairments).)

Plaintiff contends the ALJ failed to explain the significance of the treatment records referenced. However, as stated above, the ALJ found the treatment notes did not document the degree of impairment alleged. The subsequent discussion of records provides numerous examples supporting that conclusion. The Court has no difficulty in understanding the ALJ's reasoning or the significance of the treatment records discussed. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

B.     Evidence Associated with Treatment

An ALJ properly considers evidence associated with a claimant's treatment, 20 C.F.R. § 404.1529 (c)(3) and SSR 16-3p, including unexplained or inadequately explained failure to seek or follow through with treatment, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), and limited or conservative treatment, *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007), and *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). The ALJ here considered that plaintiff continued to smoke, or to vape at the time of the hearing, despite her respiratory complaints; that, after an October 2013 appointment, plaintiff did not return for a follow-up until January 2014, at which time she stated she had not used an inhaler that day and her symptoms had been stable, and was reminded to take her medications regularly; Dr. Wiseman's testimony associating chronic bronchitis to long-term smoking; that she sought minimal treatment for her alleged longstanding back and neck pain throughout 2013 and 2014, appeared for an appointment without having scheduled prescribed physical therapy, and later notes showing no evidence of significant ongoing treatment for her neck and back pain; and extremely limited mental health records and failure to follow through with scheduling a behavioral health referral. (AR 23-27.) Plaintiff does not establish, or even argue, the ALJ erred in considering this evidence. *See generally Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994). ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when a host of other issues are presented for review.").[3]

---

[3] Some Ninth Circuit decisions appear to disfavor an ALJ's consideration of a failure to quit smoking as a basis for rejecting a claimant's symptom testimony. *See, e.g.*, *Ross v. Berryhill*, No. 15-35173, 2017 U.S. App. LEXIS 18814 at *3 (9th Cir. Sept. 28, 2017) (". . . Ross's failure to heed medical advice to stop smoking provides, at most, a tenuous basis for discounting her testimony about the severity of her pain and fatigue.") (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (deeming an ALJ's finding a claimant continued to smoke "up until one month before her hearing, despite complaining of debilitating shortness of breath and acute chemical sensitivity[,]" supported by the record and to belie the claim of debilitating respiratory illness; stating that, even if the consideration of continued

ORDER
PAGE - 7

C. Other Inconsistencies

An ALJ properly considers inconsistencies in the record in assessing symptom testimony. *See generally Light*, 119 F.3d at 792; 20 C.F.R. § 404.1529(c)(4). The ALJ here reasonably considered inconsistencies in plaintiff's reporting as to her primary impairment(s), between her testimony of disabling COPD and inability to work due to air pollutants and her ability to travel to Montana by car several times since the alleged onset date, and inconsistency in her reporting about her drug use. (AR 25, 27.) *See, e.g.*, *Tommasetti*, 533 F.3d at 1040 (ALJ properly inferred from evidence of claimant's travel that he was not as limited as alleged); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (considering inconsistent symptom reporting); and *Thomas*, 278 F.3d at 959 (considering inconsistencies in claimant's reporting regarding drug and alcohol use).

Plaintiff takes issue with some of the evidence considered by the ALJ, such as a 2014 observation by an evaluator that she smelled strongly of marijuana. (AR 27 (citing AR 562).) She told the evaluator her father had been the one smoking marijuana and asserts that neither the blood test, nor urinalysis performed at that time revealed any sign of marijuana use. (*See* AR 562, 563.) Plaintiff denies a mere belief she had used marijuana, without more, suffices to support the ALJ's finding or undermine her allegations about COPD.

The ALJ did not point only to the 2014 observation regarding marijuana. The ALJ contrasted plaintiff's admission of a history of substance abuse with her denial of such use in a

---

smoking was improper given the addictive nature of cigarettes, as argued by the claimant, any error would be harmless given the other reasons for discounting the claimant's testimony)). *But see Hurter v. Astrue*, No. 10-35997, 2012 U.S. App. LEXIS 350 at *4-5 (9th Cir. Jan. 6, 2012) ("Hurter's failure to follow prescribed treatment without adequate explanation is also relevant to a credibility analysis. Hurter continues to smoke despite warnings from her doctors regarding its impact on her lung condition and has 'decreased adherence' to her prescribed exercises due to forgetfulness.") (internal citation omitted). Plaintiff challenged the ALJ's consideration of her smoking only in relation to a physician's opinion, not in the assessment of her symptom testimony. (*See* Dkt. 10 at 4-8.) The ALJ, moreover, provided both other examples of evidence associated with treatment, and other reasons for rejecting plaintiff's testimony.

ORDER
PAGE - 8

December 2015 appointment, and cited relevant records, including her December 2015 presentation with cocaine and alcohol intoxication. (AR 27 (citing AR 1385, 1415, 1454).) He noted "recent pathology after a colonoscopy suggested the possibility of a drug induced muscosal injury." (*Id*.) In addition, the 2014 report revealed more than that an evaluator smelled marijuana. (AR 562 ("The patient is a rather poor historian, having quite a bit of difficulty giving chronologic order of events or dates. There is a strong smell of freshly smoked marijuana in the room, but when I mentioned this as a possible source of her difficulty with her history, she left and stated that her dad was the one smoking it, although he is calm and coherent at bedside.")). Nor did it reflect the testing of her blood or urine for marijuana. (AR 563 (describing complete blood count test, blood metabolic panel, and stating "Urine hCG and dip urinalysis negative.")) The ALJ properly considered evidence plaintiff had not been a reliable historian and presented conflicting information about her drug use. *Thomas*, 278 F.3d at 959 ("The ALJ inferred 'that this lack of candor carries over to her description of physical pain.' This substantial evidence in the record supports the ALJ's negative conclusions about [her] veracity.")

Plaintiff also points to evidence reflecting she went to Montana because the drier air seemed better for her breathing, though the roads there were dusty. (*See* AR 429, 441, 741.) She contends the ALJ failed to explain inconsistency between her allegations and her efforts to minimize her symptoms.

Standing alone, plaintiff's travel to Montana would not suffice to undermine her testimony. *See, e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) (road trip to California not sufficient to counter physicians' opinions that claimant needed to shift positions every thirty minutes or so, where there was an absence of information as to his positioning in the car and the frequency and duration of rest stops). Yet, again, the ALJ did not rely only on this perceived inconsistency in

ORDER
PAGE - 9

assessing plaintiff's symptom testimony. The ALJ also rationally interpreted the evidence and sufficiently explained his consideration of plaintiff's ability to travel by car to Montana, where "the dryness is good, but the roads where she goes are dusty dirt roads" (AR 429), despite her alleged inability to work "due to air pollutants" (AR 27). The Court finds no reversible error based on plaintiff's alternative interpretation of the evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."); *Tackett*, 180 F.3d at 1098 (when evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ); *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

## Physician's Opinion

Dr. Sally Esser treated plaintiff from March 2009 through January 2014. (*See* AR 411 and 395.) She provided two opinions within the time period under consideration by the ALJ. In December 2013, Dr. Esser opined that, due to COPD, plaintiff could sit for eight hours and stand/walk for two hours out of an eight-hour day, could occasionally lift up to twenty pounds and occasionally carry up to ten pounds, and had constant fatigue or other symptoms severe enough to interfere with attention and concentration. (AR 399-406.) Plaintiff would need to take two-to-four unscheduled breaks a day, for fifteen-to-thirty minutes at a time, and would miss work more than three days a month. (*Id*.) Dr. Esser expressed similar opinions in August 2013, while also then finding plaintiff could only walk a total of one hour in a day, could not use pushing/pulling arm or leg controls, could never climb ladders or reach above the shoulder and could seldom perform other functions, had a variety of environmental limitations, and could not perform even

sedentary work. (AR 419-20.)

The ALJ gave the December 2013 opinion little weight. He found it inconsistent with the recent, largely unremarkable PFT, and concluded Dr. Esser appeared to rely heavily on plaintiff's subjective complaints, which were also inconsistent with the PFT. (AR 27, 736.) He found the opinion inconsistent with the more recent finding of plaintiff's provider and with the opinion of Dr. Wiseman. He also found it inconsistent with the fact plaintiff continues to smoke cigarettes despite alleging disabling sensitivity to odors and fumes. (AR 28 (citing AR 409).) The ALJ gave little weight to Dr. Esser's August 2013 opinion for similar reasons. (AR 28 (citing AR 419-20).) He found Dr. Esser's opinion plaintiff was not capable of any kind of work internally inconsistent with the portion of the opinion finding plaintiff could sit for eight hours a day, stand for two hours a day, walk for one hour a day, and lift up to twenty pounds. He found the drastic limitations opined by Dr. Esser inconsistent with the treatment notes and "entirely unsupported by the medical records." (*Id*.)

Plaintiff contends the ALJ failed to accord the opinions of this treating physician appropriate weight, or to provide the required specific and legitimate reasons for rejecting the opinions. *See Lester*, 81 F.3d at 830. She states Dr. Esser was aware of the PFT results, but placed more value on the CT scan showing evidence of emphysema and on her own observations of plaintiff's functioning. (*See, e.g.*, AR 400-01, 427, 434, 447-48, 445.) She notes Dr. Wiseman's acknowledgement other factors needed to be considered and that Dr. Esser had the advantage of first-hand observation. (AR 52-53.) Plaintiff contends her smoking had no bearing on Dr. Esser's opinion, noting Dr. Esser treated her for years before the alleged onset date, was fully aware of and had repeatedly advised her to quit smoking, and that the record documented her numerous attempts to quit. (*See* AR 97, 430, 441, 458, 464, 481, 500, 618, 736.) The Court, however, finds

no error in the ALJ's consideration of this opinion evidence.

The ALJ is responsible for resolving conflicts in the medical record. *Carmickle*, 533 F.3d at 1164). "Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion." 20 C.F.R. § 404.1527(c)(4). An ALJ also properly considers any factor that tends to support or contradict the opinion of a physician. § 404.1527(c)(6). "'Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.'" *McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2010) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)). An ALJ appropriately considers inconsistency between a physician's opinion and the medical record, *Tommasetti*, 533 F.3d at 1041, as well as internal inconsistencies within and between physicians' reports, *Morgan*, 169 F.3d at 603. An ALJ may reject a physician's opinion if "based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti,* 533 F.3d at 1041 (quoting *Morgan*, 169 F.3d at 602).

In this case, the ALJ reasonably contrasted the opinions of Dr. Esser with the PFT results (*see, e.g.*, AR 425, 469, 484, 736-37, 1179), the opinion of Dr. Wiseman (AR 48-50), and the following, more recent observation of a treating provider:

> Centrilobular emphysema seen on CT 3/2013. On disability for this (disability filled out by Dr. Sally Esser, previous PCP). No clear evidence of this on old PFTs, which were normal. Unclear of functional significance. PT more likely describes insensitivities to multiple environmental stimuli/allergens. Will need further investigation into this once she is recovered from surgery. Needs repeat PFTs. These have been ordered in the past but never completed.

(AR 670.) The ALJ also assigned significant weight to the contradictory opinion of non-examining

ORDER
PAGE - 12

physician Dr. Norman Staley (AR 27, 155-57), and, while not assigning weight because it fell outside the relevant time period, found the contradictory, April 2013 opinion of examining physician Dr. Dan Phan generally consistent with the opinion of Dr. Staley (AR 27, 750-52).

Given the PFT results and other medical evidence and opinions in the record, the ALJ drew a reasonable inference in concluding Dr. Esser appeared to rely heavily on plaintiff's subjective complaints, and reasonably found the opinions inconsistent with and unsupported by the record. The ALJ also construed the August 2013 report as internally inconsistent.

The Court further finds no error in the ALJ's consideration of plaintiff's smoking. Dr. Esser's records show she attributed plaintiff's emphysema and COPD to plaintiff's smoking. (*See, e.g.*, AR 458 (August 2012: "Discussed [emphysema and COPD]. She wonders if this was caused by dust on the jobs in the past, but since she start [sic] smoking as a teen, I think the cigarettes are to blame."); AR 427 (July 2013); AR 443 (April 2013: emphysema unchanged; "Strongly urged to stop smoking."); AR 454-55 (October 2012).) As one of several considerations in the assignment of weight to the opinions of Dr. Esser, the ALJ rationally took into account the fact plaintiff continued to smoke while alleging disabling sensitivity to odors and fumes. (*See* AR 409 (Dr. Esser in October 2013: "Still smoking, although states has sensitivities to many odors/fumes. Again advised to stop smoking."))

<u>Lay Testimony</u>

Plaintiff's father, Daniel Walker, provided lay testimony in a third party function report and letter. (AR 354-61, 394.) As described by the ALJ, Mr. Walker stated plaintiff did not do any physical activities and had significant impairment following simple instructions. (AR 29.) The ALJ found the degree of limitation alleged inconsistent with the record, noting evidence plaintiff goes to AA meetings and walks to 7-11 to get beer, travels back and forth to Montana, was not

even taking over-the-counter pain medications when she presented in June 2015 and denied recent depression, and, at the supplemental hearing, described being out with friends and watching a movie with three people at a friend's house. (*Id.* (citing AR 1339, 667).) The ALJ also pointed to plaintiff's performance at an August 2014 consultative examination, where she had intact immediate and short-term memory, performed a five number digit span forward and backward, had fair fund of knowledge, could count backwards by three, had fair insight and judgment, and could name similarities between objects. (*Id.* (citing AR 504).) Subsequent treatment records were also inconsistent with the level of forgetfulness opined by Mr. Walker. The ALJ found Mr. Walker's opinion appeared to be heavily based on plaintiff's self-reporting, which the ALJ had found not consistent with the evidence.

Plaintiff maintains the ALJ took an absurdly concrete view of Mr. Walker's statement in his 2015 letter. Mr. Walker did not describe plaintiff as bed-ridden or immobilized and had, earlier in the letter, described plaintiff's difficulties doing chores and shopping, in part because she got out of breath and needed to rest. (AR 394.) Similarly, in the 2014 function report, Mr. Walker explained plaintiff needed frequent breaks while doing activities, sometimes stayed in bed and rested, and lost her breath with heavy lifting. (AR 354-56.) Plaintiff asserts that, while the ALJ may have accurately construed heavy reliance on plaintiff's subjective reporting regarding mental impairments, Mr. Walker gave his own observations of plaintiff's breathing difficulties. (*See* AR 354-55, 394.) She argues the ALJ failed to consider the lay witnesses statements as a whole and failed to give germane reasons for rejecting the testimony regarding breathing.

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina*, 674 F.3d at 1115-22 (failure to

ORDER
PAGE - 14

address lay testimony may be harmless). The ALJ can reject the testimony of lay witnesses by giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996). Inconsistency between lay statements and the medical record, and between those statements and evidence of a claimant's activities, constitute specific and germane reasons for discrediting lay testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), and *Carmickle*, 533 F.3d at 1164. *See also Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons for discounting lay testimony included inconsistency with medical evidence, evidence of claimant's activities, and claimant's reports).

The ALJ properly identified inconsistencies between the medical evidence and the statements of the lay witness, such as plaintiff's performance on mental status examination as compared to Mr. Walker's statements attesting to plaintiff's significant difficulties performing basic tasks. (*See* AR 394 (describing plaintiff as having a hard time measuring ingredients and following directions in preparing meals, forgetting or leaving items behind in a store, inconsistency in performing chores, such as washing, but not drying clothes, forgetting laundry detergent, or leaving items in the dryer).) Given the discrepancy, the ALJ reasonably inferred heavy reliance on plaintiff's reporting.

With respect to physical activities, Mr. Walker stated: "Malinda doesn't do any physical activities because she can't exert herself for very long[.]" (AR 394.) As plaintiff observes, Mr. Walker also described her engagement in various activities. However, Mr. Walker both described plaintiff's difficulty grocery shopping and stated he did all of the grocery shopping. He described plaintiff's difficulty engaging in different chores, including cooking and laundry, while also stating: "The only task that she has to do is vacuum and folded [sic] blanket on the couch where I sleep[.]" (*Id.*) Considering the lay statements as a whole, the ALJ reasonably found

inconsistency with the medical evidence and the evidence of plaintiff's activities.

The ALJ did not, moreover, wholly reject plaintiff's breathing-related difficulties. He found plaintiff had the severe impairment of COPD and assigned relevant limitations in the RFC. He also provided specific and legitimate reasons for rejecting plaintiff's testimony regarding the degree of limitation from her COPD and other impairments, reasoning that applies equally well to the testimony of Mr. Walker. *See generally Molina*, 674 F.3d at 1117-22 ("Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the failure to address the lay testimony may be deemed harmless); *Valentine v. Comm'r SSA*, 574 F.3d 685, 693-94 (9th Cir. 2009) (where the ALJ provides sufficient reasons for rejecting a claimant's subjective complaints and a lay witness offers testimony similar to such complaints, "it follows that the ALJ also gave germane reasons for rejecting her testimony."); and *Lewis*, 236 F.3d at 512 (ALJ is not required to clearly link the inconsistent or contradictory evidence with the lay testimony determination: "In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons."). Plaintiff does not, for all of these reasons, demonstrate reversible error in the consideration of the lay testimony.

RFC

Plaintiff asserts harmful legal error in the failure to accommodate additional limitations associated with her COPD, such as those opined by Dr. Esser. However, an RFC need only include the functional limitations supported by the record. *Valentine*, 574 F.3d at 690-92. It need not account for limitations the ALJ properly rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The ALJ here accounted for COPD in the RFC by limiting plaintiff to light

work with additional exertional, postural, and environmental limitations. Plaintiff's assertion of error constitutes a mere restating of her earlier arguments and does not identify error at step four or beyond. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>1st</u> day of June, 2018.

Mary Alice Theiler
United States Magistrate Judge